AFTER REMAND
On May 21, 1976, this Court remanded this cause to the Alabama Public Service Commission, with directions, 335 So.2d 151.
The Commission conducted further hearings, and in response to this Court’s further ORDER of November 18, 1976, filed the following:
"STATE OF ALABAMA • ALABAMA PUBLIC SERVICE COMMISSION P.. 0. Box 991 Montgomery, Alabama 36130 GENERAL TELEPHONE COMPANY ) OF THE SOUTHEAST, ) Petitioner j ) ) PETITION: For approval of New Schedules of Rates and Charges for Intrastate Telephone Service. DOCKET NO. 16751
FINDINGS AND ORDER OF THE COMMISSION ON REMAND
BY THE COMMISSION:
“The Supreme Court of Alabama issued its decision May 21, 1976, in S.C. 1288, General Telephone Company of the Southeast (General) versus Alabama Public Service Commission, et al, an appeal by General Telephone Company of the Southeast (General) of the decisions of this Commission on April 15, 1974, and July 22, 1974, denying any increase in rates. The Court remanded the case to the Commission with instructions as follows:
‘To reopen the hearing within 60 days after receipt of the certificate of judgment from this Court for the limited purpose of determining the actual rate of return earned under the rates allowable on the Company’s property devoted to public service, as defined in the statute. The Commission, after considering this additional evidence, is directed to determine whether the rate of return allowed by the Order here on appeal produced a return to equity of 11.05% which the Commission has determined was reasonable. If not, the Commission should approve a new rate.’
“A motion for reconsideration was filed on June 2, 1976, by the Intervenors in this case, the State of Alabama and George C. Wallace as Governor of the State of Ala *1119 bama, and certain cities and towns, said motion being denied by the Court on July 2, 1976. The Supreme Court issued its Certificate of Judgment to the Circuit Court of Montgomery County on the same date.
“The Commission, in compliance with the Court’s direction, issued on August 12,1976, notice of hearing to commence on August 19, 1976. Prior to the date of hearing and on August 17, 1976, the Supreme Court, pursuant to a motion by General, ordered President C. C. Whatley to disqualify himself from further proceedings in this case because of his having appeared as a witness on behalf of Governor Wallace, an interve-nor in the case. Accordingly, Mr. Whatley did not participate in the future proceedings of the Commission.
“General presented testimony of witnesses and exhibits at the hearing on August 19, 1976, calculated to show its actual experience for the 12 month period ending May 31, 1975, and the 12 month period ending May 31,1976. The Company presented testimony and exhibits relating to a test period ending April 30,1976, including new investment to be added by the Company during the next 12 months, or through April 30, 1977. Requests for additional information were presented to the Company by the parties and the Commission, and the additional information sought was supplied to . the Commission on September 7, 1976. Cross-examination was conducted on October 6, 1976, which concluded the hearing.
“Based upon the entire record in this matter and in complying with the Supreme Court’s direction, we find that the 12 month periods ending May 31, 1975, and May 31, 1976, are appropriate periods to use in determining the actual experience of General’s intrastate operations. The Company presented its actual operating experience intrastate Alabama for the two periods referred to hereinabove based on its actual books absent proforma adjustments using an average rate base, including the elements approved by this Commission in our order of April 15, 1976, and our additional findings of July 22, 1974, said findings being in response to the Montgomery County Circuit Court’s request.
“For the purpose of determining General’s actual return under the bonded rates, the Commission has considered two one-year periods of operations under these rates: the twelve months of June, 1974, through May, 1975, and the twelve months of June, 1975, through May, 1976. For the twelve month period of June, 1974, through May, 1975, we find as follows:
“(1) For the purpose of determining the actual earnings under the bonded rates, the Commission must determine the beginning-of-year/end-of-year average intrastate capital requirements, and apply to these capital requirements the comparable average cost rates of each component, thereby giving the total cost to the company of obtaining a return of 11.05% on common equity. Our results are as follows for the first one-year period:
Preferred Stock Common Equity & JDIC Accumulated deferred income taxes and pre-termination tax Total Intrastate Capital Requirement $26,683,882 411,834 Rate 7.69% 4.65% Requirement $2,051,991 19,150 23,128,040 11.05% 2,555,648 2,400,979 0% 0 $52,624,735 8.79% $4,626,789
“For this same period General’s income available for return under the bonded rates was $5,097,529, which was an excess return of $470,740. Converted to revenue, this is an excess in rates of $965,027.
“(2) For the second one-year period, we find as follows:
Preferred Stock Common Equity & JDIC Accumulated deferred income taxes and pre-termination tax Intrastate Capital Requirement $27,188,699 405,336 24,372,133 2,978,095 Return Requirement 7.72% $2,098,968 4.64% 18,808 11.05% 2,693,121 0% 0 $54,944,263 8.76% $4,810,897
*1120 “For this same period General’s income available for return under the bonded rates was $5,132,399, which was an excess return of $321,502. Converted to revenue, this is an excess in rates of $653,725.
“In determining the rates for the future which would produce 11.05% return on General’s intrastate common equity, we have considered as the test period the twelve months ended April 30, 1976, adjusted to the level of April 30, 1977. Based on the information furnished by the Company, at the Commission’s request, in Request Item 11, we find General’s return requirement to produce 11.05% on common equity to be as follows:
Capital Cost Requirement Rate Requirement
Debt $27,525,371 7.68% $2,113,948
Preferred Stock 402,836 4.64% 18,692
Common Equity & JDIC 25,076,552 11.05% 2,770,959
Accumulated 3,805,441 0% 0
deferred income taxes and pretermination investment credit_ Total $56,810,200 8.63% $4,903,599
“We find that the schedules of rates and charges as set out in Request Item 11, which were filed in response to the Commission’s request, are calculated to produce operating income of approximately $4,903,599 and a return to common equity of 11.05%.
“IT IS, THEREFORE, ORDERED BY THE COMMISSION, That General file with this Commission rates and charges as set out in Request Item. 11 calculated to produce operating income of approximately $4,903,599.
“IT IS FURTHER ORDERED BY THE COMMISSION, That General make the refunds to its customers as set out herein-above as soon as practicable, these amounts being $965,027.00 plus applicable taxes and interest for the twelve month period ending May 31, 1975, and $653,725.00 plus applicable taxes and interest for the twelve month period ending May 31, 1976.
“IT IS FURTHER ORDERED BY THE COMMISSION, That General, as soon as practicable, calculate the difference in the rates collected under Bond from the date of
June 1, 1976, to the date the new rates as prescribed above become effective and make refunds of the difference including applicable taxes and interest.
“IT IS FURTHER ORDERED BY THE COMMISSION, That the rates ordered filed hereinabove are to be effective on January 1, 1977, and for subsequent billings thereafter.
“DATED at Montgomery, Alabama, this 23rd day of November, 1976.
ALABAMA PUBLIC SERVICE COMMISSION
/s/ Jim Zeigler, Commissioner Jim Zeigler, Commissioner /s/ Juanita W. McDaniel Juanita W. McDaniel, Commissioner
ATTEST: A True Copy
/s/ Wallace Tidmore
Wallace Tidmore, Secretary”
Upon consideration of the findings and order of the Commission, and in view of the fact that no party has filed any objections by December 8, 1976, the time allowed in this Court’s ORDER of November 18, 1976, this Court hereby affirms the Order of the Alabama Public Service Commission dated November 23, 1976.
JONES, ALMON, EMBRY and BEAT-TY, JJ., concur.
HEFLIN, C. J., and BLOODWORTH, FAULKNER and SHORES, JJ., concur specially.